UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY LAUTERBORN,                    :
                                        :
         Plaintiff             :   No. 4:CV-05-0541
                                        :
    vs.                        :   (Complaint filed 03/17/05)
                                        :
R & T MECHANICAL, INC.,        :   (Judge Muir)
                                        :
    Defendants                 :
                          ORDER # 1 of

December 28, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 17, 2005, Plaintiff Kimberly Lauterborn initiated
this action by filing a complaint in which she alleges that
Defendant R & T Mechanical, Inc., violated the Federal Equal Pay
Act and the Pennsylvania Equal Pay Law.  On November 22, 2005,
Lauterborn filed a separate complaint alleging that R & T
Mechanical, Inc., sexually harassed and retaliated against her.

On November 30, 2005, Lauterborn filed a motion to
consolidate her two pending actions and a supporting brief.  On
December 5, 2005, R & T Mechanical, Inc., filed a response and
opposition brief.  The time allowed for Lauterborn to file a
reply brief expired on December 23, 2005, and to this date no
such brief has been filed.  Lauterborn's motion to consolidate is
ripe for disposition.

The pending motion is governed in large measure by Federal
Rule of Civil Procedure 42, which states in relevant part that

> [w]hen actions involving a common question of law or fact
> are pending before the court, it may order a joint hearing
> or trial of any or all the matters in issue in the actions;
> it may order all the actions consolidated; and it may make
> such orders concerning proceedings therein as may tend to
> avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a).  Courts have also observed that "[w]hen considering consolidation the court 'must balance the benefits of judicial economy and expediting the litigation against the possibility of prejudice.'" Janovici v. DVI, Inc., 2003 WL 22849604, at *3 (E.D. Pa. Nov 25, 2003)(Davis, J.)(quoting Kerley v. Great Lakes Dredge & Dock Co., 1996 WL 131136, at *1 (E.D. Pa. March 20, 1996)).  Ultimately, "[c]onsolidation is at the discretion of the trial court and should be permitted where the consolidation of separate actions presenting common questions of law or fact will promote convenience and economy in judicial administration." Rosario v. SCM Group USA, Inc., 2003 WL 21982116, at *1 (E.D. Pa. July 2, 2003)(Tucker, J.).

R & T Mechanical, Inc., initially contends that Lauterborn's two actions should not be consolidated because there are no common questions of law or fact.  Based on the information presented to us, it appears that the only common aspect between the two cases is the identity of the parties.  We are of the view that additional common elements should exist before separate matters are consolidated.

In addition, R & T Mechanical, Inc., notes that the above-captioned matter is on our March, 2006 Trial List, and

Lauterborn's subsequent action has not yet been placed on a trial list because the case management conference will not occur until January 31, 2005.  Consolidating the cases would require a substantial delay in resolving the above-captioned case.

R & T Mechanical, Inc., further argues that consolidating the two cases would prejudice R & T Mechanical, Inc.  If the cases proceed separately, the evidence concerning Lauterborn's sexual harassment and retaliation claims would not be admissible in the trial on her equal pay claims.  However, if a single jury considers all of Lauterborn's claims, then the jury deciding the equal pay claims would hear the otherwise inadmissible evidence relating to the sexual harassment and retaliation claims.  The potential prejudice resulting from the introduction of such evidence is an appropriate reason not to consolidate cases.  *See* Farahmand v. Rumsfeld, 2002 WL 31630709 (E.D. Pa. 2002).

For the reasons noted above, we will deny Lauterborn's motion to consolidate her two pending cases.

NOW, THEREFORE, IT IS ORDERED THAT:

Lauterborn's motion (Document 14) to consolidate her two pending actions is denied.


                                        s/Malcolm Muir
                                        MUIR, U.S. District Judge

MM:ga

3