UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


KIMBERLY LAUTERBORN,                    :
                                        :
          Plaintiff                     :    No. 4:CV-05-0541
                                        :
     vs.                                :    (Complaint filed 03/17/05)
                                        :
R & T MECHANICAL, INC.,                 :    (Judge Muir)
                                        :
          Defendants                    :
                                   ORDER

January 3, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 17, 2005, Plaintiff Kimberly Lauterborn initiated

this action by filing a complaint in which she alleges that

Defendant R & T Mechanical, Inc. (hereinafter "R & T

Mechanical"), violated the Federal Equal Pay Act and the

Pennsylvania Equal Pay Law.

On December 1, 2005, R & T Mechanical filed a motion for

summary judgment and a supporting brief.  In its motion R & T

Mechanical states that the motion was filed "in accordance with

F.R.C.P. 1286."  The reference to Rule 1286 is erroneous because

no such Federal Rule of Civil Procedure exists.  On December 2,

2005, R & T Mechanical filed an amended summary judgment motion

to correct the error and to refer to the proper rule, Federal

Rule of Civil Procedure 56.  Lauterborn filed a brief opposing

the summary judgment motion on December 16, 2005.  R & T

Mechanical filed its reply brief on December 23, 2005, thereby

ripening for disposition its summary judgment motion.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).  "When a motion for summary judgment is made and supported as provided in ...[Rule 56], an adverse party may not rest upon mere allegations or denials of the adverse party's pleading...." Fed. R. Civ. P. 56(e).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Rule 56 provides that, where such a motion is made and properly supported, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  The United States Supreme Court has commented

that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986).

When addressing a motion for such a judgment, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(emphasis added).  As summarized by the Advisory Committee On Civil Rules, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee note to 1963 Amendment.

Before discussing the substantive merit's of the summary judgment motion, one preliminary threshold matter needs to be addressed.  Lauterborn argues that R & T Mechanical's motion should summarily be denied because it was filed after the December 1, 2005, deadline for dispositive motions.  This argument has merit only if the original motion filed on that date is disregarded, and the amended summary judgment motion filed on December 2, 2005, is considered to be the only one on the docket.

Lauterborn has given us no reason to ignore the motion filed by R & T Mechanical on December 1, 2005.  Surely no prejudice has

befallen Lauterborn as a result of the filing of the amended

summary judgment motion on December 2, 2005.  Although we

consider the original motion to have been superseded by the

amended motion for summary judgment, the filing of the original

motion was within the deadline set for dispositive motions.

Consequently, we will deny the initial summary judgment motion

because it has been superseded, and will proceed to address the

merits of the amended motion for summary judgment.

The United States Supreme Court has stated that in order to

prevail on a claim brought under the Federal Equal Pay Act a

plaintiff is required to prove "that an employer pays different

wages to employees of opposite sexes 'for equal work on jobs the

performance of which requires equal skill, effort, and

responsibility, and which are performed under similar working

conditions.'" Corning Glass Works v. Brennan, 417 U.S. 188, 195,

94 S.Ct. 2223, 2228 (1974)(quoting 29 U.S.C. § 206(d)(1)).

R & T Mechanical first contends that it is entitled to

summary judgment with respect to Lauterborn's Federal Equal Pay

Act claim because she is unable to

> set forth facts sufficient to proceed to trial on her claim
> that she performed equal work to her male counterparts but
> was paid less than her male counterparts in violation of the
> Equal Pay Act[.]

(Brief in Support of Summary Judgment Motion, p. 5)

The undisputed material facts establish that Lauterborn was

employed by R & T Mechanical from June 8, 1994, to some point in

July of 2004.  Lauterborn was initially paid $9.00 per hour

(which was the amount she requested when hired), and received

raises over time which increased her wages to $12.25 per hour by

the time her employment with R & T Mechanical ended.  All persons

working for R & T Mechanical were classified as laborers.

However, in addition to those facts, it is necessary to

consider how Lauterborn's pay compares to that of her male co-

workers who performed "equal work on jobs the performance of

which requires equal skill, effort, and responsibility, and which

are performed under similar working conditions." 29 U.S.C. §

206(d)(1).

Lauterborn submitted the affidavit of Arthur Weiler, Jr., in

connection with her brief opposing the summary judgment motion.

In his affidavit Weiler represents the following:

1. [H]e was employed by R & T Mechanical from February 5,
   1997, to July 19, 2004.
2. When [he] last worked at R & T Mechanical [he] held the
   position of General Supervisor and reported directly to
   the Plant Manager.
3. As General Supervisor [he] was aware of the employee
   rates of pay and each employee's job responsibilities.
4. During the time that [Lauterborn] worked for R & T
   Mechanical she earned less than male employees who
   performed the same work that she performed.
5. Even though [Lauterborn] performed work that required
   equal skill, effort, and responsibility as her male co-
   employees, she was paid less than her male co-
   employees.
6. The following male employees are some of those who were
   paid more than [Lauterborn] for performing equal work:
   Eric Potter, Dennis Williams, Greg Setzer, Jamie
   Burros, Terry Roloson, Greg Naggy, Roger Hurd, and Adam
   Antwell.
7. The difference in pay between [Lauterborn] and her male

co-employees was not a result of the male employees'
experience, education, or qualifications because almost
all R & T Mechanical employees were trained "in-house."

(Affidavit of Arthur Weiler, Jr., pp. 1-2)   R & T Mechanical

asserts various arguments in its reply brief in an attempt to

discount the significance Weiler's affidavit.   However, none of

those arguments relates to the admissibility of the facts set

forth therein; instead, R & T Mechanical's points relate to the

weight which a finder of fact may ascribe to Weiler's assertions.

We are of the view that the facts set forth in Weiler's

affidavit are material and create sufficient factual disputes to

warrant a denial of R & T Mechanical's amended motion for summary

judgment.   Perhaps most significant is the parties' dispute with

respect to which employees may be considered to have been in

sufficiently comparable positions to Lauterborn.

While R & T Mechanical contends that only Setzer's and

Burros's wages may be compared to Lauterborn's, Lauterborn argues

that every employee referenced in Weiler's affidavit should be

considered.   That dispute, in and of itself, precludes the entry

of summary judgment in favor of R & T Mechanical. *See* Gardner v.

Blue Mountain Forest Ass'n, 902 F. Supp. 14, 17-18 (D.N.H.

1995)(denying defendant's motion for summary judgment because the

question of whether certain "tasks constitute 'equal work on jobs

the performance of which requires equal skill, effort, and

responsibility' ... plainly constitutes a genuine issue of

material fact."). We will deny R & T Mechanical's amended motion for summary judgment as it relates to liability on Lauterborn's federal Equal Pay Act claim.

R & T Mechanical's only other contention in its amended summary judgment motion is that the period for which Lauterborn may recover, if at all, is limited to the two years immediately preceding the filing of the complaint in this action. In her complaint Lauterborn seeks damages from the time her employment with R & T Mechanical commenced in 1998.

The federal regulations promulgates pursuant to the Equal Pay Act provide that "[a] 2-year statute of limitations applies to the recovery of unpaid wages, except that an action on a cause of action arising out of a willful violation may be commenced within 3 years after the cause of action accrued. 29 C.F.R. §1620.33(b). Because Lauterborn's claims are not based on any allegedly willful violation, the two-year statute of limitations applies.

Lauterborn contends that she may recover for a period longer than two years because R & T Mechanical's alleged violations of the Equal Pay Act constitute an ongoing violation. The Court of Appeals for the Third Circuit has held that

> [s]ex-based, discriminatory wage payments constitute a
> continuing violation of the Equal Pay Act .... To hold
> otherwise would permit perpetual age discrimination by an
> employer whose violation of the Equal Pay Act had already
> lasted without attack for over two years.

Carenas v. Massey, 269 F.3d 251, 257 (3d Cir. 2001).  Under such circumstances "each paycheck she continue[d] to receive constitutes an alleged violation." Ryan v. General Machine Products, 277 F. Supp. 2d 585, 596 (E.D. Pa. 2003)(Finch, C.J.).

The continuing violation theory relates to when a plaintiff is required to file her lawsuit <u>after</u> an alleged violation of the Equal Pay Act has occurred.  There is no authority to support Lauterborn's proposition that the continuing nature of the alleged violation alters the standard two-year period set forth in the statute.

We will grant R & T Mechanical's amended motion for summary judgment to the extent that the period for which Lauterborn may recover, if at all, is limited to the two years preceding the filing of her complaint.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   R & T Mechanical's initial motion (Document 17) for summary judgment is denied because it has been superseded by the amended motion for summary judgment.

2.   R & T Mechanical's amended motion (Document 19) for summary judgment is denied in part and granted in part as provided in paragraphs 3 and 4 of this order.

3.   Any recovery by Lauterborn on her federal Equal Pay Act claim shall be limited to the two-year time period preceding the filing of this action.

4.    R & T Mechanical's amended motion for a summary

judgment is denied in all other respects.


                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:ga