```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


KIMBERLY LAUTERBORN,               :
                                   :
          Plaintiff                :   No. 4:CV-05-0541
                                   :
     vs.                           :   (Complaint filed 03/17/05)
                                   :
R & T MECHANICAL, INC.,            :   (Judge Muir)
                                   :
          Defendant                :
                               ORDER
```

February 1, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The vast majority of this order's background is set forth in our order of January 3, 2006, in which we granted in part and denied in part Defendant R & T Mechanical, Inc.'s motion for summary judgment. For the purposes of this order, the most significant determination made in that order was that the period for which Plaintiff Kimberly Lauterborn may recover lost wages is limited to the two years prior to the last alleged violation of the Federal Equal Pay Act.

On January 20, 2006, Lauterborn filed a motion for reconsideration of our January 3, 2006, order. Lauterborn contends we erroneously stated in the order that "there is no authority to support Lauterborn's position that the continuing nature of [R & T Mechanical, Inc.'s] alleged violation [of the Equal Pay Act] alters the standard two year period set forth in the statute." (Order of January 3, 2006, p. 8) Lauterborn argues

that our statement constitutes a manifest error of law because one of the cases we cite in that order, <u>Ryan v. General Machine Products</u>, 277 F. Supp. 2d 585, 596 (E.D. Pa. 2003)(Finch, C.J.), provides such authority.  She specifically contends that the discussion in <u>Ryan</u> of the concept of a "continuing violation," which equitably tolls the running of time with respect to a statute of limitations, applies in this case and allows her to recover more than two years' of lost wages.

Lauterborn filed a supporting brief with her motion.  R & T Mechanical, Inc., filed its opposition brief on January 12, 2006.  The time allowed for Lauterborn to file a reply brief expired on January 30, 2006, and to this date no such brief has been filed.  Lauterborn's motion for summary judgment is ripe for disposition.

A motion for reconsideration is a device of limited utility.  It may be used only to correct manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.).  We will apply that standard to Lauterborn's motion for reconsideration.

Before addressing the merits of her pending motion, we will set forth the historical facts underlying Lauterborn's claims as they relate to the motion for reconsideration.  Lauterborn was

employed by R & T Mechanical from June 8, 1998, to some point in July of 2004. During that employment she alleges that her employer violated the Federal Equal Pay Act by paying her male co-workers a higher wage than she was paid. She filed the complaint in this case on March 17, 2005.

The dispute at issue in Lauterborn's motion for reconsideration concerns the period for which she may recover the difference between the wages paid to her and to her male co-employees. She implicitly alleges in her complaint that any recovery in this case would encompass the entire duration of her employment at R & T Mechanical, Inc. In granting R & T Mechanical, Inc.'s summary judgment motion, we held that her potential recovery is limited by a regulation to the two-year period preceding R & T Mechanical, Inc.'s final alleged violation of the Federal Equal Pay Act.

There are two time periods to consider in addressing claims brought under the Federal Equal Pay Act. The first is the one addressed in our order of January 3, 2006, which relates to the duration of the alleged violations of the Act for which a plaintiff may recover. In the absence of any allegedly willful violation of the Act, this period is expressly limited by regulation to two years. 29 C.F.R. §1620.33(b). That two-year time frame applies in this case because no willful violation is at issue here. In other words, that regulation limits the period

for which Lauterborn may recover any lost wages from July of 2002 through July of 2004.

The second relevant interval is that addressed by traditional statutes of limitation; it relates to the time allowed for a plaintiff to file his or her lawsuit after the alleged violation had occurred.  The discussion in Ryan pertaining to a "continuing violation" relates only to this second interval.  The court in Ryan did not reference in any manner the two-year limitation set forth in 29 C.F.R. §1620.33(b), which relates to the period for which a plaintiff may recover for violations of the Equal Pay Act.  The court in Ryan had no need to consider that regulation because the issue in that case was whether the complaint had been timely filed.  The analysis in Ryan related only to the interval between the final alleged violation of the act and the filing of the complaint.

We read Ryan to hold that the concept of a "continuing violation" applies only when considering the second period of time discussed above (i.e., whether a complaint has been timely filed).  Nothing in that case supports Lauterborn's position regarding the period for which she may recover any lost wages.

We will deny her motion for reconsideration.

In closing, we note that the "continuing violation" concept has been applied in this case just as it was in Ryan.  In the absence of that principle, Lauterborn's complaint would be time-

barred because the alleged violations began before July of 2002. If the two-year statute of limitations were applied to the date of the alleged initial violation, the complaint would be time-barred.  The continuing violation concept tolled the statute of limitations from running until the alleged final violation, which was in or around July of 2004.

    NOW, THEREFORE, IT IS ORDERED THAT:

    Lauterborn's motion (Document 32) for reconsideration is denied.

                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:ga